TILE WHOLESALERS AND IMPORTERS, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. LADIS W. RUPPERT AND ELIZABETH S. RUPPERT, HIS WIFE, DEFENDANTS-APPELLANTS.

Submitted October 1, 1940—Decided January 25, 1941.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-respondent, *Julius Stein.*

For the defendants-appellants, *William T. Long.*

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment recovered by the plaintiff in the court below on a stop-notice against the defendants, owners of a residence property, pursuant to the Mechanic's Lien statute, *R. S.* 2:60-116 to 119.

The facts do not seem to be disputed. It appears that the defendants contracted under date of December 1st, 1936, with Samuel G. Spear, a general building contractor, for the erection of a residence on their property in the town of Westfield; that Spear sublet the work of furnishing and installing tile to Joseph Tepper; that plaintiff furnished the materials for said work to Tepper for the sum of $335 which material was duly installed in the house. Plaintiff not having been paid any part of the sum due filed a stop-notice with the defendants. It also appears that prior to the service of the stop-notice there had been served three stop-notice claims for labor and materials claimed to have been furnished aggregating the sum of $2,502.24. It was stipulated by counsel that the defendants had a fund in their hands of $1,331 available for the payment of stop-notice claimants.

The judgment appealed from was for the sum claimed, $335 and costs.

The appellants' argument is that motions for nonsuit should have been granted on two grounds which were advanced and the motions denied. First it is argued that prior stop-notice claimants take priority over plaintiff's claim and exhaust the sum in hand. Second that the plaintiff had not established the validity of its claim beyond a reasonable doubt as laid down in *Reeve* v. *Elmendorf,* 38 *N. J. L.* 125, 128.

We conclude that there is no merit to either point. The law is settled that credit against funds in the hands of owners is not to be given merely because stop-notices are filed and in the order of filing but rather in the order of payment by the owner upon his being satisfied of the correctness of the claims. *R. S.* 2:60-119. *Coppola* v. *Grande,* 88 *N. J. L.* 324;

*Wightman* v. *Brenner and Meyer,* 26 *N. J. Eq.* 489. It does not appear that the defendants had become satisfied that the claims filed prior to that of plaintiff were correct or that any of them in whole or in part had been paid. It is true that the effect of the serving of a stop-notice operates as an assignment *pro tanto* of moneys due to the general contractor but the stop-notices have not all the qualities of assignments for the owner cannot claim credit for the amount claimed in the notices unless he shall have in fact paid the amount claimed to be due. *Brunetti* v. *Grandi,* 89 *Id.* 116.

As stated reliance is had by appellant on *Reeve* v. *Elmendorf, supra,* that the claim was not established beyond a reasonable doubt. As we read the record the plaintiff clearly established the correctness of its claim. Not only was nothing shown to the contrary but it appears that the subcontractor, Tepper, admitted the correctness of the claim and the defendant Ladis W. Ruppert testified that while he had no way of satisfying himself of its correctness he had no reason to dispute it. Of course just because he did not have personal knowledge of the facts does not permit him to say that he cannot be satisfied of the correctness of the claim. He cannot be captious. From the testimony the trial court was justified in concluding that there was no reasonable doubt of the correctness of the claim. *Cf. Reeve* v. *Elmendorf, supra; Reeve* v. *Kernan,* 85 *N. J. L.* 641; *Ford* v. *R. C. Church of Our Lady of Mount Carmel,* 9 *N. J. Mis. R.* 505.

The judgment is affirmed, with costs.